## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS,

## DIVISION OF ST. CROIX

HOLLIS A. PRIME,                    )
                                    )  Case No. 1:21-cv-00292-WAL-GWC
            Plaintiff,              )
                                    )
v.                                  )  JURY TRIAL DEMANDED
                                    )
HESS CORPORATION, *et al.*,         )
                                    )
            Defendants.             )
_____   )

## LOCKHEED MARTIN'S ANSWER TO
## PLAINTIFF'S COMPLAINT AND CROSSCLAIMS

Defendant Lockheed Martin Corporation ("Lockheed Martin") responds as follows to the

correspondingly numbered paragraphs set forth in Plaintiff's Complaint:

### PARTIES, JURISDICTION, AND VENUE

1.      Lockheed Martin lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1 and, therefore, denies those allegations.

2.      Lockheed Martin is informed and believes that Hess Corporation is a Delaware

corporation.  Lockheed Martin denies the remaining allegations of Paragraph 2.

3.      Lockheed Martin lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 3 and, therefore, denies those allegations.

4.      Lockheed Martin admits that it is a corporation organized and existing under the

laws of the State of Maryland with its principal place of business in Maryland and that it is

successor-in-interest to Martin Marietta Corporation, Martin Marietta Aluminum Properties, Inc.,

and Martin Marietta Aluminum, Inc.  Lockheed Corporation and Martin Marietta Corporation

("Martin Marietta") consummated a transaction on March 15, 1995, pursuant to which Lockheed and Martin Marietta became a wholly owned subsidiary of a new holding corporation, Lockheed Martin Corporation, incorporated under the laws of Maryland. In January 1996, Martin Marietta ceased to exist.

In 1969, Martin Marietta acquired an 82.7% interest in Harvey Aluminum, Inc., which was incorporated under the laws of California in 1942. Harvey Alumina, Inc. is a wholly owned subsidiary of Harvey Aluminum, Inc. In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc., and Harvey Alumina, Inc.'s name was changed to Martin Marietta Alumina, Inc. Martin Marietta purchased the remaining stock in Harvey Aluminum on June 27, 1974. At all times, Martin Marietta Aluminum, Inc. was a subsidiary of Martin Marietta Corporation and Martin Marietta Alumina, Inc. was a wholly owned subsidiary of Martin Marietta Aluminum, Inc. until Martin Marietta Alumina, Inc. was merged into Martin Marietta Aluminum Properties, Inc. on August 1, 1984. On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc. Martin Marietta ceased all operations at the St. Croix alumina plant in May 1985. Martin Marietta sold the St. Croix alumina plant and premises to Virgin Islands Alumina, Inc. ("VIALCO"), a subsidiary of Clarendon, Ltd., on May 15, 1989. On July 31, 1989, Martin Marietta Aluminum Properties, Inc. was merged into Martin Marietta and ceased to exist. Martin Marietta Aluminum, Inc., Martin Marietta Alumina, Inc., and Martin Marietta Aluminum Properties, Inc. are referred to collectively throughout this Answer as the "Martin Marietta entities."

The remaining allegations of Paragraph 4 assert legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 4.

5.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, denies those allegations.

6.     Paragraph 6 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 6.

7.     Paragraph 7 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 7.

**FACTUAL ALLEGATIONS RE: THE PLAINTIFF**

8.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies those allegations.

9.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies those allegations.

10.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies those allegations.

11.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies those allegations.

12.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies those allegations.

13.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies those allegations.

14.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies those allegations.

15.     Lockheed Martin denies the allegations of Paragraph 15 to the extent the allegations are directed against Lockheed Martin.  To the extent that the allegations of Paragraph

3

15 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies those allegations.

17.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies those allegations.

18.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies those allegations.

19.     Lockheed Martin denies the allegations of Paragraph 19 to the extent the allegations are directed against Lockheed Martin.  To the extent that the allegations of Paragraph 19 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20.     Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought of Paragraph 20 or any other relief.

21.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies those allegations.

22.     Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies those allegations.

## FACTUAL ALLEGATIONS RE: THE OIL REFINERY

23.     The allegations of Paragraph 23 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies those allegations.

24.     The allegations of Paragraph 24 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, denies those allegations.

25.     The allegations of Paragraph 25 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, denies those allegations.

26.     The allegations of Paragraph 26 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies those allegations.

27.     The allegations of Paragraph 27 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies those allegations.

28.     The allegations of Paragraph 28 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, denies those allegations.

29.     The allegations of Paragraph 29 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies those allegations.

30.     The allegations of Paragraph 30 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies those allegations.

31.     The allegations of Paragraph 31 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, denies those allegations.

32.     The allegations of Paragraph 32 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin states that the allegations of Paragraph 32 regarding unidentified "[r]esearch" are so vague and ambiguous that Lockheed Martin is unable to formulate a meaningful response and, therefore, denies the same. Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and, therefore, denies those allegations.

33.     The allegations of Paragraph 33 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, denies those allegations.

34.     The allegations of Paragraph 34 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Mine Safety and Health Administration and the Occupational Safety and Health Administration regulated and inspected operations at the alumina plant.  Lockheed Martin admits that local and federal governments regulated the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 34.

35.     The allegations of Paragraph 35 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Mine Safety and Health Administration and the Occupational Safety and Health Administration regulated and inspected operations at the alumina plant.  Lockheed Martin admits that local and federal governments regulated the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 35.

36.     The allegations of Paragraph 36 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that Martin Marietta conducted air testing at the alumina plant.  Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and, therefore, denies the same.

37.     The allegations of Paragraph 37 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, denies those allegations.

38.     The allegations of Paragraph 38 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Martin Marietta entities provided training pursuant to Mine Safety and Health Administration and Occupational Safety and Health Administration regulations, as well as proper personal protective and respiratory equipment.  Lockheed Martin denies the remaining allegations of Paragraph 38.

39.     The allegations of Paragraph 39 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Mine Safety and Health Administration and the Occupational Safety and Health Administration regulated and inspected operations at the alumina plant.  Lockheed Martin admits that local and federal governments regulated the alumina plant.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and, therefore, denies those allegations.

40.     The allegations of Paragraph 40 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies those allegations.

41.     The allegations of Paragraph 41 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, denies those allegations.

42.     The allegations of Paragraph 42 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, denies those allegations.

43.    The allegations of Paragraph 43 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, denies those allegations.

44.    The allegations of Paragraph 44 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, denies those allegations.

45.    The allegations of Paragraph 45 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, denies those allegations.

46.    The allegations of Paragraph 46 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, denies those allegations.

47.    The allegations of Paragraph 47 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, denies those allegations.

**FACTUAL ALLEGATIONS VIS-À-VIS INDUSTRIAL EXPOSURES**

48.     The allegations of Paragraph 48 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Mine Safety and Health Administration and the Occupational Safety and Health Administration regulated and inspected operations at the alumina plant.  Lockheed Martin admits that local and federal governments regulated the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 48.

49.     The allegations of Paragraph 49 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that Martin Marietta conducted air testing at the alumina plant.  Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and, therefore, denies the same.

50.     The allegations of Paragraph 50 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin admits that the Martin Marietta entities provided training pursuant to Mine Safety and Health Administration and Occupational Safety and Health Administration regulations, as well as proper personal protective and respiratory equipment.  Lockheed Martin denies the remaining allegations of Paragraph 50.

**FACTUAL ALLEGATIONS VIS-A-VIS THE ALUMINA REFINERY**

51.     Lockheed Martin admits that an alumina plant operated during periods within the time frame of Paragraph 51, although the plant was not operational for a period of approximately four years from 1985-1989.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin lacks knowledge or information

10

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and, therefore, denies those allegations.

52.     In 1969, Martin Marietta Corporation acquired an 82.7% interest in Harvey Aluminum, Inc., which was incorporated under the laws of California in 1942.  Harvey Alumina, Inc. was a wholly owned subsidiary of Harvey Aluminum, Inc.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc., and Harvey Alumina, Inc.'s name was changed to Martin Marietta Alumina, Inc.  Martin Marietta purchased the remaining stock in Harvey Aluminum on June 27, 1974.  Lockheed Martin understands that Harvey Alumina, Inc. entered into a long-term contract with Compagnie des Bauxite de Guinée for the purchase and shipment of bauxite ore.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and, therefore, denies those allegations.

53.     Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.  Lockheed Martin further admits that the St. Croix alumina plant and premises were originally owned by Harvey Alumina Virgin Islands Incorporated from 1966 or 1967 until 1969 when Martin Marietta, Lockheed Martin's predecessor in interest, acquired a majority interest.  In 1972, Martin Marietta changed the name of the plant to Martin Marietta Alumina, Inc.  On August 1, 1984, Martin Marietta Alumina, Inc. was merged into Martin Marietta Properties, Inc.  Martin Marietta ceased all operations at the St. Croix alumina plant in May 1985.  Martin Marietta sold the St. Croix alumina plant and premises to Virgin Islands Alumina, Inc. ("VIALCO"), a subsidiary of Clarendon, Ltd., on May 15, 1989. On July 31, 1989, Martin Marietta Aluminum Properties, Inc. was merged into Martin Marietta and ceased to exist.  Lockheed Martin denies the remaining allegations of Paragraph 53.

54.     Lockheed Martin admits that Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985.  The St. Croix alumina plant was closed in May 1985.  Martin Marietta Aluminum Properties, Inc. sold the St. Croix alumina plant to VIALCO in 1989.

55.     The allegations of Paragraph 55 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, denies those allegations.

56.     To the extent the allegations of Paragraph 56 are directed against Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, therefore, denies those allegations.  To the extent that the allegations of Paragraph 56 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

57.     Lockheed Martin admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin further admits that bauxite ore is a naturally occurring material that may contain various concentrations of the materials set forth in Paragraph 57.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 and, therefore, denies those allegations.

58.     Lockheed Martin admits that to produce alumina, bauxite ore is mechanically crushed, and that dusts may be created during that process.  Lockheed Martin denies the remaining allegations of Paragraph 58.

59.    Lockheed Martin admits that caustic soda may be used in the production of alumina. Lockheed Martin denies the remaining allegations of Paragraph 59.

60.    Lockheed Martin admits that ACM may have been used to insulate piping at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 60.

61.    Lockheed Martin admits that the finished alumina product is a white/silver powder. Lockheed Martin denies the remaining allegations of Paragraph 61.

62.    Lockheed Martin admits that red mud may contain some of the chemicals listed in Paragraph 62. Lockheed Martin denies the remaining allegations of Paragraph 62.

63.    Lockheed Martin states that the allegations of Paragraph 63 regarding unidentified "[r]esearch" are so vague and ambiguous that Lockheed Martin is unable to formulate a meaningful response and, therefore, denies the same. Lockheed Martin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 and, therefore, denies those allegations.

## CAUSES OF ACTION AGAINST HESS CORP.

### Count 1— Negligent Undertaking

64.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

65.    The allegations of Paragraph 65 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and, therefore, denies those allegations.

66.    The allegations of Paragraph 66 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and, therefore, denies those allegations.

67.    The allegations of Paragraph 67 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, denies those allegations.

68.    The allegations of Paragraph 68 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and, therefore, denies those allegations.

69.    The allegations of Paragraph 69 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and, therefore, denies those allegations.

70.    The allegations of Paragraph 70 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and, therefore, denies those allegations.

71.    The allegations of Paragraph 71 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and, therefore, denies those allegations.

72.     The allegations of Paragraph 72 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, denies those allegations.

73.     The allegations of Paragraph 73 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and, therefore, denies those allegations.

74.     The allegations of Paragraph 74 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and, therefore, denies those allegations.

**Count 2 — Chattel Known to be Dangerous for Intended Use**

75.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

76.     The allegations of Paragraph 76 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and, therefore, denies those allegations.

77.     The allegations of Paragraph 77 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and, therefore, denies those allegations.

78.     The allegations of Paragraph 78 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and, therefore, denies those allegations.

79.     The allegations of Paragraph 79 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, denies those allegations.

80.     The allegations of Paragraph 80 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and, therefore, denies those allegations.

81.     The allegations of Paragraph 81 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and, therefore, denies those allegations.

82.     The allegations of Paragraph 82 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and, therefore, denies those allegations.

83.     The allegations of Paragraph 83 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and, therefore, denies those allegations.

**Count 3 — Chattel Unlikely to be Made Safe for Use**

84.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

85.     The allegations of Paragraph 85 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, therefore, denies those allegations.

86.     The allegations of Paragraph 86 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and, therefore, denies those allegations.

87.     The allegations of Paragraph 87 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and, therefore, denies those allegations.

88.     The allegations of Paragraph 88 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and, therefore, denies those allegations.

89.     The allegations of Paragraph 89 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and, therefore, denies those allegations.

90.     The allegations of Paragraph 90 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and, therefore, denies those allegations.

91.     The allegations of Paragraph 91 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and, therefore, denies those allegations.

## Count 4 - Chattel for Use by Person Known to be Incompetent

92.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

93.     The allegations of Paragraph 93 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and, therefore, denies those allegations.

94.     The allegations of Paragraph 94 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and, therefore, denies those allegations.

95.     The allegations of Paragraph 95 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and, therefore, denies those allegations.

96.    The allegations of Paragraph 96 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and, therefore, denies those allegations.

97.    The allegations of Paragraph 97 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and, therefore, denies those allegations.

98.    The allegations of Paragraph 98 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and, therefore, denies those allegations.

## Count 5 — Chattel Used to Supplier's Business Purpose

99.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

100.    The allegations of Paragraph 100 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and, therefore, denies those allegations.

101.    The allegations of Paragraph 101 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and, therefore, denies those allegations.

102.    The allegations of Paragraph 102 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and, therefore, denies those allegations.

103.    The allegations of Paragraph 103 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and, therefore, denies those allegations.

104.    The allegations of Paragraph 104 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and, therefore, denies those allegations.

105.    The allegations of Paragraph 105 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and, therefore, denies those allegations.

106.    The allegations of Paragraph 106 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and, therefore, denies those allegations.

107.    The allegations of Paragraph 107 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and, therefore, denies those allegations.

108.    The allegations of Paragraph 108 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and, therefore, denies those allegations.

109.    The allegations of Paragraph 109 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and, therefore, denies those allegations.

110.    The allegations of Paragraph 110 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and, therefore, denies those allegations.

111.    The allegations of Paragraph 111 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 and, therefore, denies those allegations.

## CAUSES OF ACTION AGAINST HESS OIL NEW YORK CORP.
### (AS SUCCESSOR BY MERGER TO HOVIC)

**Count 6 — Premises Liability**

112.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

113.    The allegations of Paragraph 113 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and, therefore, denies those allegations.

114.    The allegations of Paragraph 114 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and, therefore, denies those allegations.

115.    The allegations of Paragraph 115 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and, therefore, denies those allegations.

116.    The allegations of Paragraph 116 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 and, therefore, denies those allegations.

117.    The allegations of Paragraph 117 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and, therefore, denies those allegations.

118.    The allegations of Paragraph 118 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 and, therefore, denies those allegations.

119.    The allegations of Paragraph 119 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and, therefore, denies those allegations.

120.    The allegations of Paragraph 120 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and, therefore, denies those allegations.

121.    The allegations of Paragraph 121 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and, therefore, denies those allegations.

122.    The allegations of Paragraph 122 do not apply to Lockheed Martin, and, therefore, no response is required. To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and, therefore, denies those allegations.

**CAUSES OF ACTION AGAINST HESS OIL NEW YORK CORP.**
**(AS SUCCESSOR BY MERGER TO HOVIC)**

**Count 7 — Chattel Known to be Dangerous for Intended Use**

123.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

124.    The allegations of Paragraph 124 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and, therefore, denies those allegations.

125.    The allegations of Paragraph 125 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and, therefore, denies those allegations.

126.    The allegations of Paragraph 126 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and, therefore, denies those allegations.

127.    The allegations of Paragraph 127 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and, therefore, denies those allegations.

128.    The allegations of Paragraph 128 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 and, therefore, denies those allegations.

129.    The allegations of Paragraph 129 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 and, therefore, denies those allegations.

130.    The allegations of Paragraph 130 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 and, therefore, denies those allegations.

131.    The allegations of Paragraph 131 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and, therefore, denies those allegations.

## Count 8 — Chattel Unlikely to be Made Safe for Use

132.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

133.    The allegations of Paragraph 133 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and, therefore, denies those allegations.

134.    The allegations of Paragraph 134 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and, therefore, denies those allegations.

135.    The allegations of Paragraph 135 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and, therefore, denies those allegations.

136.    The allegations of Paragraph 136 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and, therefore, denies those allegations.

137.    The allegations of Paragraph 137 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and, therefore, denies those allegations.

138.    The allegations of Paragraph 138 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and, therefore, denies those allegations.

139.    The allegations of Paragraph 139 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and, therefore, denies those allegations.

**Count 9 — Chattel for Use by Person Known to be Incompetent**

140.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

141.    The allegations of Paragraph 141 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 and, therefore, denies those allegations.

142.    The allegations of Paragraph 142 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 and, therefore, denies those allegations.

143.    The allegations of Paragraph 143 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 and, therefore, denies those allegations.

144.    The allegations of Paragraph 144 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 and, therefore, denies those allegations.

145.    The allegations of Paragraph 145 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 and, therefore, denies those allegations.

146.    The allegations of Paragraph 146 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and, therefore, denies those allegations.

**Count 10 - Chattel Used to Supplier's Business Purpose**

147.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

148.    The allegations of Paragraph 148 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 and, therefore, denies those allegations.

149.    The allegations of Paragraph 149 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 and, therefore, denies those allegations.

150.    The allegations of Paragraph 150 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 and, therefore, denies those allegations.

151.    The allegations of Paragraph 151 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and, therefore, denies those allegations.

152.    The allegations of Paragraph 152 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 and, therefore, denies those allegations.

153.    The allegations of Paragraph 153 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 and, therefore, denies those allegations.

154.    The allegations of Paragraph 154 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 and, therefore, denies those allegations.

155.    The allegations of Paragraph 155 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 and, therefore, denies those allegations.

156.    The allegations of Paragraph 156 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and, therefore, denies those allegations.

157.    The allegations of Paragraph 157 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 and, therefore, denies those allegations.

### CAUSE OF ACTION AGAINST LOCKHEED MARTIN AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA CORP.

**Count 11— Negligent Undertaking**

158.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 158 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 158.

159.    Lockheed Martin denies the allegations of Paragraph 159.

160.    Lockheed Martin denies the allegations of Paragraph 160.

161.    Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin denies the allegations of Paragraph 161.

162.    Lockheed Martin denies the allegations of Paragraph 162.

163.    Lockheed Martin admits that Martin Marietta established general policies and procedures, including some relating to safety.  However, each individual plant had the authority and was expected to establish safety policies and procedures that fit the specific needs of the plant.  Lockheed Martin denies the remaining allegations of Paragraph 163.

164.    Lockheed Martin admits that Martin Marietta established general policies and procedures, including some relating to safety.  However, each individual plant had the authority and was expected to establish safety policies and procedures that fit the specific needs of the plant.  Lockheed Martin admits that Martin Marietta conducted periodic industrial hygiene

surveys at the St. Croix alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 164.

165.    Lockheed Martin states that Material Safety Data Sheets were available for inspection.  Lockheed Martin denies the allegations of Paragraph 165.

166.    Lockheed Martin states that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin denies the allegations of Paragraph 166.

167.    Lockheed Martin denies the allegations of Paragraph 167.

168.    Paragraph 168 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 168.

169.    Lockheed Martin states that Martin Marietta conducted periodic audits and inspections at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 169.

170.    Lockheed Martin denies the allegations of Paragraph 170.

171.    Lockheed Martin denies the allegations of Paragraph 171.

172.    Lockheed Martin denies the allegations of Paragraph 172.

173.    Lockheed Martin admits that Martin Marietta conducted an industrial hygiene survey of some portions of the alumina plant in 1976, which included testing for worker exposure to various airborne particulates.  Lockheed Martin denies the remaining allegations of Paragraph 173.

174.    Lockheed Martin admits that Martin Marietta conducted an industrial hygiene survey of some portions of the alumina plant in 1981, which included testing for worker exposure to various airborne particulates.  Lockheed Martin also admits that the alumina plant

purchased air sampling equipment. Lockheed Martin denies the remaining allegations of Paragraph 174.

175.    Paragraph 175 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 175.

176.    Paragraph 176 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 176.

177.    Paragraph 177 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 177.

### CAUSES OF ACTION AGAINST LOCKHEED MARTIN, AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINUM INC.

**Count 12 — Premises Liability**

178.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein. Paragraph 178 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 178.

179.    Paragraph 179 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin admits that in 1969, Martin Marietta Corporation acquired a majority interest in Harvey Aluminum, Inc., which owned and operated the St. Croix alumina plant and premises. In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc. Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985. On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.; however, the contract with Comalco specifically excluded the St. Croix alumina plant. Martin Marietta Aluminum Properties, Inc.

closed the St. Croix alumina plant in May 1985.  Lockheed Martin denies the remaining allegations of Paragraph 179.

180.   Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 180 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 180.

181.   Paragraph 181 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 181.

182.   Paragraph 182 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 182.

183.   Paragraph 183 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 183.

184.   Lockheed Martin denies the allegations of Paragraph 184.

185.   Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 185 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 185.

186.   Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 186 assert legal conclusions to which no

response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 186.

187.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin further admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 187 and, therefore, denies those allegations.

188.    Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 188 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 188.

189.    Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 189.

190.    Paragraph 190 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 190.

34

191.    Paragraph 191 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 191.

**Count 13 – Chattel Known to be Dangerous for Intended Use**

192.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 192 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 192.

<u>Count 13(a) — Bauxite as Chattel</u>

193.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 193.

194.    Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the allegations of Paragraph 194.

195.    Paragraph 195 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 195.

196.    Paragraph 196 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 196.

### Count 13(b) — Refinery Machinery & Equipment as Chattel

197.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 and, therefore, denies those allegations.

198.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities  was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 198.

199.    Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 199.

200.    Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and

workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 200 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 200.

201.    Paragraph 201 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 201.

## Count 13(c) – Heavy Equipment as Chattel

202.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 202 and, therefore, denies those allegations.

203.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 203.

204.    Lockheed Martin denies the allegations of Paragraph 204.

205.    Lockheed Martin is aware and informed that Martin Marietta Aluminum, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  The remaining allegations of Paragraph 205 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 205.

206.    Paragraph 206 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 206.

## Count 14 — Chattel Unlikely to be Made Safe for Use

207.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 207 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 207.

## Count 14(a) — Bauxite as Chattel

208.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.

209.    Lockheed Martin is aware and informed that the alumina plant had Material Safety Data Sheets that were available for inspection.  Lockheed Martin denies the allegations of Paragraph 209.

210.    Lockheed Martin denies the allegations of Paragraph 210.

211.    Paragraph 211 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 211.

### Count 14(b) — Refinery Appurtenances as Chattel

212.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 212.

213.    Paragraph 213 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 213.

214.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 214.

215.    Lockheed Martin denies the allegations of Paragraph 215.

216.    Paragraph 216 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 216.

**Count 15 — Chattel for Use by Person Known to be Incompetent**

217.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 217 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 217.

### Count 15(a) — Bauxite as Chattel

218.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.

219.    Paragraph 219 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 219.

220.    Lockheed Martin denies the allegations of Paragraph 220.

221.    Paragraph 221 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 221.

### Count 15(b) — Refinery Appurtenances as Chattel

222.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc.

handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 222.

223.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 223.

224.    Paragraph 224 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 224.

225.    Lockheed Martin denies the allegations of Paragraph 225.

226.    Paragraph 226 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 226.

### Count 15(c) — Heavy Equipment as Chattel

227.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery

to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 227.

228.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 228.

229.    Paragraph 229 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 229.

230.    Paragraph 230 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 230.

**Count 16 — Chattel Used to Supplier's Business Purpose**

231.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  Paragraph 231 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 231.

232.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. purchased bauxite from a variety of different mining companies during its operation of the alumina plant, including companies in which it held an ownership interest and shipped alumina to other Martin Marietta entities.  Lockheed Martin lacks knowledge or information sufficient to

42

form a belief as to the truth of the remaining allegations of Paragraph 232 and, therefore, denies those allegations.

## Count 16(a) — Bauxite as Chattel

233.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of its employees.  Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of its employees.  Lockheed Martin admits that bauxite was supplied to the alumina plant by multiple entities, including Martin Marietta Aluminum, Inc.  Lockheed Martin further admits that the St. Croix alumina plant was used to refine alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 233.

234.    Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  The remaining allegations of Paragraph 234 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 234.

235.    Paragraph 235 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 235.

## Count 16(b) — Refinery Appurtenances as Chattel

236.    Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984.  Martin Marietta Aluminum, Inc.

handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin denies the remaining allegations of Paragraph 236.

237. Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore. Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time. Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant. Lockheed Martin denies the remaining allegations of Paragraph 237.

238. Paragraph 238 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 238.

239. Paragraph 239 asserts legal conclusions to which no response is required. To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 239.

## Count 16(c) – Heavy Equipment as Chattel

240. Martin Marietta Aluminum, Inc. and Martin Marietta Alumina, Inc. owned and operated the St. Croix alumina plant from 1972 until 1984. Martin Marietta Aluminum, Inc. handled the maintenance side of the plant and employed one-half of the plant's employees. Martin Marietta Alumina, Inc. handled the operations side of the plant and employed one-half of the plant's employees. Lockheed Martin admits that the St. Croix alumina plant used machinery

to produce alumina from bauxite ore.  Lockheed Martin denies the remaining allegations of Paragraph 240.

241.    Lockheed Martin admits that the St. Croix alumina plant used machinery to produce alumina from bauxite ore.  Lockheed Martin is aware and informed that the Martin Marietta entities were aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin is aware and informed that the Martin Marietta entities prioritized safety at the alumina plant.  Lockheed Martin denies the remaining allegations of Paragraph 241.

242.    Paragraph 242 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 242.

243.    Paragraph 243 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 243.

## CAUSES OF ACTION AGAINST LOCKHEED MARTIN, AS SUCCESSOR-IN-INTEREST TO MARTIN MARIETTA ALUMINA, INC.

### Count 17 — Premises Liability

244.    Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

245.    Paragraph 245 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 245.

246.    Paragraph 246 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin admits that in 1969, Martin Marietta Corporation acquired a majority interest in Harvey Aluminum, Inc., which owned and operated the St. Croix

alumina plant and premises.  In 1972, Harvey Aluminum's name was changed to Martin Marietta Aluminum, Inc.  Martin Marietta Aluminum, Inc. sold the St. Croix alumina plant to Martin Marietta Aluminum Properties, Inc. on January 6, 1985.  On January 8, 1985, Martin Marietta Aluminum, Inc. was sold to Comalco (U.S.) Holding Inc.; however, the contract with Comalco specifically excluded the St. Croix alumina plant.  Martin Marietta Aluminum Properties, Inc. closed the St. Croix alumina plant in May 1985.

247.    Lockheed Martin is aware and informed that Martin Marietta Alumina, Inc. was aware of the hazards associated with the bauxite refining process and provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  Lockheed Martin denies the remaining allegations of Paragraph 247.

248.    Paragraph 248 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 248.

249.    Paragraph 249 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 249.

250.    Paragraph 250 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 250.

251.    Paragraph 251 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 251.

252.    Lockheed Martin denies the allegations of Paragraph 252.

253.     Lockheed Martin admits that the Martin Marietta entities provided training and workplace conditions consistent with the state of the art and government regulations in effect at the time.  The remaining allegations of Paragraph 253 assert legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the remaining allegations of Paragraph 253.

254.     Paragraph 254 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 254.

255.     Paragraph 255 asserts legal conclusions to which no response is required.  To the extent a response is required, Lockheed Martin denies the allegations of Paragraph 255.

## CAUSES OF ACTION AGAINST COSMOGONY II, INC. AS SUCCESSOR-IN-INTEREST TO GENERAL ENGINEERING CORP.

### Count 18 — Negligence

256.     Lockheed Martin restates and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.  The allegations of Paragraph 256 do not apply to Lockheed Martin, and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 256 and, therefore, denies those allegations.

257.     The allegations of Paragraph 257 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 257 and, therefore, denies those allegations.

258.     The allegations of Paragraph 258 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 258 and, therefore, denies those allegations.

259.    The allegations of Paragraph 259 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 259 and, therefore, denies those allegations.

260.    The allegations of Paragraph 260 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 260 and, therefore, denies those allegations.

261.    The allegations of Paragraph 261 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 261 and, therefore, denies those allegations.

262.    The allegations of Paragraph 262 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 262 and, therefore, denies those allegations.

263.    The allegations of Paragraph 263 do not apply to Lockheed Martin and, therefore, no response is required.  To the extent a response is required, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 263 and, therefore, denies those allegations.

## NOTICE OF PUNITIVE DAMAGES

264.    Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 264 or any other relief.

265.    Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the allegations of Paragraph 265.

266.    Lockheed Martin denies the allegations of Paragraph 266 to the extent the allegations are directed against Lockheed Martin.  To the extent that the allegations of Paragraph 266 refer to the knowledge, conduct, or actions of persons or entities other than Lockheed Martin, Lockheed Martin lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 266 or any other relief.

## JURY TRIAL DEMANDED

267.    Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in Paragraph 267 or any other relief.

## REQUEST FOR RELIEF

Lockheed Martin admits that Plaintiff purports to seek various forms of relief in this lawsuit based on various allegations but denies that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE Paragraph following Paragraph 267 or any other relief.  Lockheed Martin denies the remaining allegations in the unnumbered WHEREFORE Paragraph following Paragraph 267 of the Complaint.

## GENERAL DENIAL

To the extent Lockheed Martin has not specifically admitted any allegation in Plaintiff's Complaint, that allegation is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Lockheed Martin upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Workers' Compensation laws of the Virgin Islands.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims against Lockheed Martin are barred, in whole or in part, because Plaintiff has failed to join all parties who are necessary and/or indispensable to a just adjudication of this action.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### SIXTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's claims are barred, in whole or in part, because the conditions alleged to have caused Plaintiff's injuries were both open and obvious.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate his alleged injuries and/or damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's conduct or the conduct of others changed, altered, or modified the condition of the product at issue.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or others misused the product at issue.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff used the product at issue in a manner or in an activity contrary to express adequate instructions or warnings appearing on or attached to the products or on the products' original containers or wrappers, including material safety data sheets.

## ELEVENTH DEFENSE

Plaintiff's claims based on any failure to warn and/or inadequacy of warning are barred, in whole or in part, because at all times pertinent to Plaintiff's claims, Plaintiff possessed or should have possessed good and adequate knowledge which negated the need for any such warning and/or Plaintiff was required to follow specific written safety procedures established by Plaintiff's employers which negated the need or requirement for any such warning.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any products manufactured, sold, or supplied by Lockheed Martin and used by Plaintiff were at all times reasonably fit and suitable for the purposes for which the products were made and sold.

## THIRTEENTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that any injuries and damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff's or by other persons' contributory or comparative negligence, fault, responsibility, or causation, and want of due care. Such negligence or fault of Plaintiff and/or of such others persons were greater in proportion to the negligence or fault of the Defendants, if any. The contributory or comparative fault of Plaintiff and other persons outside the control of Lockheed Martin is a complete bar to any recovery against Lockheed Martin. Alternatively, Lockheed Martin is entitled to a deduction of damages based upon the percentage of Plaintiff's and/or other persons' negligence or fault.

## FOURTEENTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's alleged injuries or damages resulted solely from the acts or omissions of persons or entities for which Lockheed Martin is neither liable nor responsible. Such acts or omissions on the part of others constitute an independent and intervening proximate cause of such injuries or damages.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Lockheed Martin's products, including their design, manufacture, packaging, warnings, and instructions, were at all times consistent with industry customs, applicable government safety standards, and available

technological, scientific, medical, and industrial state of the art when they left Lockheed Martin's control.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present, and/or future medical expenses.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, release, and accord and satisfaction.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate the Excessive Fines Clause and Due Process Clause in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against Lockheed Martin.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages would violate Lockheed Martin's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the United States and the Virgin Islands.  Moreover, the foregoing considerations, and considerations of due process, comity, and state sovereignty, bar any attempts to punish Lockheed Martin, except to the extent the alleged conduct had a direct impact in this Territory and a direct nexus to the specific harm suffered by this Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because an award of punitive damages would violate Lockheed Martin's procedural and substantive due process rights and equal protection rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  In particular, any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case, because said law, among other things, (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive award; (2) may unconstitutionally permit jury consideration of the Defendants' net worth; (3) is void for vagueness in that it failed to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions; (4) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award; (5) lacks constitutionally sufficient standards for appellate review of a punitive award; (6) may impose punitive damages simply for lawfully selling a legal product; and (7) otherwise fails to satisfy the constitutional requirements set forth in, among others, *Pacific*

*Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993), and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).

### TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages jointly and severally against some or all of the Defendants without apportionment among them based on the enormity of their misconduct would violate Lockheed Martin's rights to equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the common law and public policies of the United States and the Virgin Islands.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is barred by due process under the United States Constitution to the extent Plaintiff seeks to impose punishment for harm allegedly caused to non-parties.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Lockheed Martin cannot be held liable to Plaintiff on the basis of joint and several liability for the fault or illegal conduct attributable to any other defendant.

### TWENTY-SIXTH DEFENSE

This Court lacks jurisdiction over the person and/or property of Lockheed Martin. Accordingly, this action should be dismissed as to Lockheed Martin.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims against Lockheed Martin are speculative and do not warrant recovery.

## TWENTY-EIGHTH DEFENSE

Any product manufactured, sold, or supplied by Lockheed Martin was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

## TWENTY-NINTH DEFENSE

If Plaintiff sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiff's job sites, other than those manufactured or sold by Lockheed Martin, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

## THIRTIETH DEFENSE

To the extent that Plaintiff has filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are preempted by the regulations of the Occupational Safety and Health Administration and other applicable federal laws.

## THIRTY-SECOND DEFENSE

To the extent that Plaintiff was exposed to any product which was acquired from, sold by, or used on behalf of the United States of America or any state or political subdivision thereof, Lockheed Martin is entitled to any sovereign or governmental immunity available to the United States or any such state or political subdivision.

## THIRTY-THIRD DEFENSE

No duty to warn or notify Plaintiff of any danger from exposure to Lockheed Martin's products has ever arisen; nevertheless, any delay by Lockheed Martin in notifying or warning Plaintiff of such danger which allegedly was required (and Lockheed Martin denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiff against Lockheed Martin.  Before the time any alleged duty to notify or warn could have arisen as to Lockheed Martin, Plaintiff was exposed to substances from other sources sufficient to cause Plaintiff's alleged condition, and notification or warning thereafter is of no value.  There is, therefore, no causal relationship between any delay in notification or warning Plaintiff and his subsequent alleged condition.

### THIRTY-FOURTH DEFENSE

The injuries, if any, for which Plaintiff seeks recovery resulted from Plaintiff's pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by Lockheed Martin.  All injuries and damages alleged by Plaintiff, if any, were proximately contributed to by Plaintiff's pre-existing injuries and conditions.

### THIRTY-FIFTH DEFENSE

The Complaint should be dismissed based on misjoinder of parties and/or claims.

### THIRTY-SIXTH DEFENSE

Lockheed Martin reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert those defenses.

### THIRTY-SEVENTH DEFENSE

Lockheed Martin hereby adopts the affirmative defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with Lockheed Martin's assertion that it is not liable to Plaintiff for any amount whatsoever.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sophisticated user defense because Plaintiff possessed or should have possessed knowledge negating the need for any warning and/or Plaintiff was required to follow specific written safety procedures established by Plaintiff's employers that negated the need or requirement for any such warning.

### THIRTY-NINTH DEFENSE

While denying all averments of negligence, fault, or liability, Lockheed Martin states that Plaintiff's claims are barred, in whole or in part, because Plaintiff knew or should have known about any risks associated with the chattel allegedly at issue.

### FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff used the chattel at issue despite his incompetence to do so or carelessly used the chattel at issue.  The contributory or comparative fault of Plaintiff and other persons outside the control of Lockheed Martin is a complete bar to any recovery against Lockheed Martin.  Alternatively, Lockheed Martin is entitled to a deduction of damages based upon the percentage of Plaintiff's and/or other persons' negligence or fault.

### FORTY-FIRST DEFENSE

If Plaintiff sustained any injuries or illness as a result of exposure to any silica contained in bauxite sold or supplied by Martin Marietta Aluminum, Inc., such injuries were proximately caused by the acts or omissions of Plaintiff's employers or of the owner and operators of the

alumina plant, all of whom were sophisticated purchasers and knowledgeable intermediaries, in failing to take adequate precautions, failing to provide Plaintiff with a safe work place, and failing to warn Plaintiff of any health hazards that may have been associated with exposure to silica dust.

## DEMAND FOR JURY TRIAL

Lockheed Martin demands a trial by jury on all issues so triable.

## CROSSCLAIM AGAINST DEFENDANTS HESS CORPORATION AND HESS OIL NEW YORK CORPORATION

COMES NOW Defendant Lockheed Martin Corporation ("Lockheed Martin"), pursuant to V.I. Civ. P. 13(g) and *World Fresh Mkts., LLC v. Palermo,* 2021 V.I. 1 (2021), and as and for its crossclaim against Defendants Hess Corporation and Hess Oil New York Corporation alleges as follows:

1.     Plaintiff filed a Complaint in this Action against Lockheed Martin, Hess Corporation, and Hess Oil New York Corporation as successor by merger of Hess Oil Virgin Islands Corporation alleging injury and seeking damages.

2.     Lockheed Martin denies any liability to Plaintiff.

3.     Pursuant to Virgin Islands Code title 5, section 1451(d), Lockheed Martin is entitled to have the liability (if any) of Defendants Hess Corporation and Hess Oil New York Corporation apportioned at the trial of this Action.

4.     If the court or jury finds in favor of Plaintiff at trial, to the extent Lockheed Martin pays Plaintiff any portion of the damages attributable to the liability of Defendants Hess Corporation and Hess Oil New York Corporation, or any combination thereof, Lockheed Martin is entitled to recover common law contribution against Defendants Hess Corporation and Hess

Oil New York Corporation or any combination thereof, for their respective portions of the damages paid to Plaintiff by Lockheed Martin.

WHEREFORE, Defendant Lockheed Martin demands judgment against Defendants Hess Corporation and Hess Oil New York Corporation, jointly and severally, for common law contribution for any and all sums that may be paid as damages to Plaintiff on account of the liability of Defendants Hess Corporation or Hess Oil New York Corporation or both, together with any pre- and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems appropriate.

Respectfully submitted,

**LAW OFFICES OF K. A. RAMES, P.C**

September 28, 2021

*/s/ Kevin A. Rames, Esq*
Kevin A. Rames, Esq.
V.I. Bar No. 193
2111 Company Street, Suite 3
Christiansted, VI 00820
Telephone: (340) 773-7284
Facsimile: (340) 773-7282
Cellular (340) 227-9311
kevin.rames@rameslaw.com

*Counsel for Lockheed Martin Corporation.*

60

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 28, 2021, I served the instant filing upon the following counsel via the Court's electronic filing system which will serve a copy of the foregoing upon:

John-Russell B. Pate
Pate@SunLawVI.com

Charles Jacob Gower
jgower@burnscharest.com

Korey A. Nelson
knelson@burnscharest.com

*Counsel for Plaintiff*

Richard H. Hunter
rhunter@hcbvilaw.com

*Counsel for Glencore, Ltd*

Carl Beckstedt
Carl@beckstedtlaw.com

*Counsel for Hess and HONYC*

<u>*/s/ Kevin A. Rames, Esq.*</u>
Kevin A. Rames, Esq